```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            : No.
     v.                     :
                            :
YOCHANAN LEVITANSKY,        :
                            : VIOLATION: 18 U.S.C. § 1343
          Defendant.        : (wire fraud)
                            :
                            :
```

## **I N D I C T M E N T**

The Grand Jury charges that, at all times relevant to this indictment:

### **COUNTS ONE - TWO**
(Wire fraud)

1. YOCHANAN LEVITANSKY, the defendant, was a resident of New Haven, Connecticut.

Background

2. In or about April 2007, YOCHANAN LEVITANSKY, the defendant, began operating the business Bluetooth Kings LLC. LEVITANSKY sold telecommunication devices, such as mobile telephones and bluetooth headsets, through the Internet site eBay.

3. eBay Inc. is a company based in San Jose, California. Its Internet site provides an online marketplace for the sale of goods and services. In particular, eBay allows individuals to auction items to the highest bidder. An individual selling an item on eBay can "post" an auction for that item, i.e., provide information about the item to eBay, and eBay

then publishes that information on its Internet site. Each auction on eBay is assigned a unique numeric identifier by eBay.

4. In or about May 2008, YOCHANAN LEVITANSKY, the defendant, began selling telecommunication devices on eBay with no intention of actually delivering the devices to his customers. During that time, approximately 1077 customers paid LEVITANSKY for telecommunication devices that they never received.

5. Under certain conditions, eBay reimburses individuals who purchase items through eBay for losses resulting from fraud. As of January 2009, eBay's loss as a result of the fraudulent auctions posted by YOCHANAN LEVITANSKY, the defendant, totaled approximately $237,257.

The Scheme and Artifice to Defraud

6. In or about May 2008, in the District of Connecticut and elsewhere, YOCHANAN LEVITANSKY, the defendant, devised and intended to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises; to wit, YOCHANAN LEVITANSKY, the defendant, did offer telecommunication devices for sale on eBay, accept payment for the telecommunication devices from customers, and fail to deliver the telecommunication devices.

The Wire Communications

7. In or about May 2008, in the District of Connecticut and elsewhere, YOCHANAN LEVITANSKY, the defendant,

for the purpose of executing, and attempting to execute, the scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, the following signs and signals, each enumerated wire communication constituting a separate count of the Indictment:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | May 11, 2008 | auction 290229868680 on eBay, offering to sell an Aliph Jawbone Bluetooth headset, a wire communication from Connecticut to California; and |
| TWO | May 21, 2008 | an email message falsely stating that a Pantech C810 mobile telephone, described in auction 290230471486, had been shipped, a wire communication from Connecticut to California. |

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

8. Upon conviction of one or more of the wire fraud offenses alleged in Counts One and Two of this Indictment, YOCHANAN LEVITANSKY, the defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

9. If any of the above-described forfeitable property, as a result of any act or omission of the YOCHANAN LEVITANSKY, the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

```
                                        A TRUE BILL


                                        __/s/_____
                                        FOREPERSON
```

UNITED STATES OF AMERICA

```
 /s/ Nora R. Dannehy
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


 /s/ Anthony E. Kaplan
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY


 /s/ Edward Chang
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY
```